EUGENE KETELTAS *v.* JAMES COLEMAN and others.(*a*)

Where a lease contains a covenant, that the lessee shall keep the premises in. sured for the benefit of the lessor, and provides that in default thereof, the owner may re-enter; the neglect of the lessee, for fourteen days after the commencement of the term, to effect insurance in the name of the lessor, or in such manner as to be available to him in case of loss, is a breach of the covenant, and entitles the latter to recover his possession.

An insurance effected by a sub-tenant, pursuant to an agreement between him and the original lessee, made in view of the latter's covenant with the owner, is not a compliance with such covenant, the sub-tenant having insured in his own name, and no privity existing between him and the owner.

In case of loss, under such circumstances, insurance moneys, collected by the sub-tenant, could not be recovered from him by the lessor, in an action at law.

Whether such insurance moneys could be reached by the lessor in equity? *Dub.*

Where a lessee underlets the demised premises for the whole term, but reserving rent payable to himself, and reserving the right, at his option, to occupy a part of the premises, and a re-delivery of the whole at the expiration of the lease; *it seems*, that such underletting is not a breach of a covenant with the original lessor, forbidding an assignment of the lease. *Per* INGRAHAM, FIRST J., at special term.

THIS action was commenced by the owner of a house and lot against his lessee, and against two sub-tenants, who were respectively in the occupation of separate parts of the house. The lease contained a covenant not to assign, and provided that the premises should be kept insured, during the term, for the benefit of the lessor. In case of a violation of either of these stipulations, the lease was to be forfeited and the lessor permitted to re-enter.

---

(*a*) Affirmed in the Court of Appeals.

The plaintiff brought this suit to recover possession, on the ground that both covenants had been broken.

It appeared that the lessee underlet the premises to one of his co-defendants for the whole term, reserving rent payable to himself, and providing for the re-delivery of the premises on the day of the expiration of his own lease, and a right to possession of a part of the building at his option.

The part of the premises so reserved was underlet, by the lessee, to another of his co-defendants.

Up to the time this action was brought, which was within fourteen days after the commencement of the term, the lessee had effected no insurance; but the agreement to underlet, first above mentioned, contained a covenant that the tenant should insure, and that, in case of loss by fire, the insurance moneys should be applied to rebuilding or repairing by the tenant, under the lessee's direction. This covenant between the parties to the underletting was similar to the covenant between the lessee and owner contained in the original lease, wherein it was also provided that any insurance money that might be collected should be applied to repairs or rebuilding, under direction *of the owner.*

The under-tenant took out a policy of insurance, but in his own name.

At the trial, a jury rendered a verdict in the plaintiff's favor, subject to the opinion of the court upon a case to be made. The cause was afterwards argued before INGRAHAM, FIRST J., who directed judgment for the plaintiff upon the verdict, on the ground that there had been a breach of the covenant to insure.

Upon the other branch of the case, his opinion was as follows:

"The cause first stated is undoubtedly made out, if the lessee reserved no right in the property after the expiration of the term granted to an under-tenant by him.     *     *     *
"I am inclined to hold that there is enough reserved to the original lessee in this agreement by him with an under tenant, to prevent the conclusion that such under lease was

equivalent to an assignment of the whole term. " The question is not free from difficulty, and the cases are not uniform on the point. " I have not referred to them at length, because I am of the opinion that the other ground, on which the forfeiture is claimed, has been established."

The defendants appealed.

*John Graham,* for the defendants, cited *Jackson* v. *Harrison,* 17 Johns. R. 66; Bac. Abr. 4 Tit. Lease, 1, 3; *Jackson* v. *Silvernail,* 15 J. R. 278; *Kearney* v. *Post,* 1 Sandf. R. 5, and 1 Comst. 194.

*C. Bainbridge Smith,* for the plaintiff, cited *Green* v. *Bridges,* 4 Sim. 96; Platt on Covenants, 189 to 192; 3 Law Lib. Old Ser. p. 83, and cases cited; *Pitt* v. *Shewin,* 3 Camp. 134; *White* v. *Warner,* 2 Mer. 459; 4 Kent's Com. 96; Taylor's Land. and Ten. 208; *Palmers* v. *Edwards,* Doug. 186; *Devereux* v. *Barlow,* 2 Saund. R. 182, note 1, N. Y. ed. 1846; *Van Rensselaer* v. *Gallup,* 5 Denio, 454; *Same* v. *Bradley,* 3 Id. 143; *Same* v. *Jones,* 2 Barb. S. C. R. 643; *Cox* v. *Fenwick,* 4 Bibb. 538.

By the Court. Daly, J.—There was a breach of the covenant to insure. The lessee covenanted to keep the building insured, for the benefit of the plaintiff, and the insurance was effected by the under-tenant in his own name. The lessee further covenanted, that in case of loss or damage by fire, the amount received on the insurance should be applied under the plaintiff's direction to the repairing or rebuilding of the premises. It is true that the under-tenant entered into a similar covenant with the lessee, but that would not avail the plaintiff. There was no privity between him and the under-tenant. He would have at law no remedy against the latter to compel a performance of the lessee's covenant as to the application of the amount received on the insurance in the event of loss; and it is by no means clear that the equitable power of the court could be invoked

by the plaintiff, to compel the application of the money received on the insurance, in the manner provided for in the covenant by the lessee to the plaintiff; but it is immaterial whether it could or not. There was a neglect to insure the premises from the 1st to the 14th of May, 1851, and this was a sufficient breach of the covenant to entitle the plaintiff to recover. (*Pitt* v. *Sherwin*, 3 Camp. 134; Platt on Covenants, 192.)     *     *     *

Judgment affirmed.